JOURNAL ENTRY AND OPINION
Defendant-appellant, George W. Smith, appeals the decision of the Cuyahoga County Common Pleas Court that found him to be a sexual predator under R.C. 2950.09. For the reasons that follow, we affirm.
In May 1985, appellant was indicted by the Cuyahoga County Grand Jury for the rape and kidnapping of Melvia Louise Jackson. Appellant eventually pleaded guilty to the charge of rape while the kidnapping charge was dismissed. He was subsequently sentenced to a ten to twenty-five year term of imprisonment and remains presently incarcerated for this offense.
At a sexual predator classification hearing held on June 7, 2001, the state presented copies of appellant's convictions for robbery, receiving stolen property, aggravated burglary, aggravated robbery and rape. The state also presented the statement of the rape victim, Ms. Jackson,[1]
as well as the Institution Summary Report prepared by a prison administrator, S. Woodford, with the Ohio Department of Rehabilitation and Correction (ODRC). The Institution Summary Report listed appellant's disciplinary record, which included three violations that could be construed as sexual in nature. No witnesses testified for the state.
Appellant objected to the exhibits admitted by the court. In particular, appellant argued that one of the violations listed in his disciplinary record while in prison was dropped following an appeal. The state could not confirm this.
The court ultimately classified appellant as a sexual predator, relying primarily on (1) the threats appellant made to the victim; (2) appellant's refusal to be evaluated at the psychiatric clinic in preparation for classification hearing; and (3) appellant's conduct while incarcerated as gleaned from the institution summary report, which the court perceived as sexual in nature.
Appellant is now before this court and asserts in his sole assignment of error that the trial court erred in classifying him as a sexual predator.
R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Before declaring an offender a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(3).
 [C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
State v. Eppinger (2001), 91 Ohio St.3d 158, 164, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71,74, citing Ford v. Osborne (1887), 45 Ohio St. 1, paragraph two of the syllabus.
In making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to the factors listed in R.C. 2950.09(B)(2). These factors include:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Of these factors, the court appears to have primarily relied on (b), (f), (i) and (j). The court emphasized appellant's prior criminal record and that he displayed cruelty to the victim during the course of the offense. In particular, the court found that appellant's statement to the victim intimating that she should cooperate if she wished to see her baby again constituted a cruel threat.[2] As for additional behavior characteristics under subsection (j), the court considered significant the fact that appellant refused to see a court psychiatrist and that the institutional summary was replete with attempted sexual contact with female corrections officers while incarcerated.
We are mindful that the Rules of Evidence do not strictly apply to sexual offender classification hearings and that reliable hearsay, such as a presentence investigation report, may be relied upon by the trial court. State v. Cook (1998), 83 Ohio St.3d 404, 424. Post-sentence investigation reports likewise have been found to be a reliable form of hearsay as have other forms of documentation. See State v. Smith (Dec. 29, 2000), Crawford App. No. 3-2000-20, unreported, 2000 Ohio App. Lexis 6233 (post-sentence report); State v. Davis (Aug. 10, 2000), Franklin App. No. 00AP-12, unreported, 2000 Ohio App. Lexis 3572 (post-sentence report); State v. Bair (May 23, 2000), Seneca App. No. 13-2000-01, unreported, 2000 Ohio App. Lexis 2184 (post-sentence report); State v. Lewis (May 9, 2000), Franklin App. No. 99AP-752, unreported, 2000 Ohio App. Lexis 1949 (indictment and plea). Other documents, such as those prepared by an ODRC program specialist, could also be relied upon, if those documents could be considered reliable. See State v. Miller (May 17, 2001), Cuyahoga App. No. 78032, unreported at 9, 2001 Ohio App. Lexis 2177. By analogy, therefore, an institutional report summary prepared by a ODRC prison administrator can be similarly relied upon.
In combination with the other factors considered by the trial court, it is this institution summary report, in particular, that convinces this court that appellant is likely to reoffend in the future. Even disregarding the one violation that may have been dropped,[3] the report supports that appellant continues to attempt to force his sexual attention on unwilling females. Succinctly, he attempted to extort female staff for sex and grabbed a female correction officer and attempted to force his unwanted attention upon her. While predicting the likelihood that an offender will reoffend is inexact at best, appellant's conduct towards the female staff while incarcerated gave the court below and this court upon review clear and convincing evidence that he is likely to reoffend in the future. As such, the trial court did not err in classifying appellant as a sexual predator.
Appellant's sole assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and ANN DYKE, J., CONCUR.
[1] The state also introduced the statement of another victim, Exhibit 7, which the court did not admit.
[2] It appears from the victim's statement of the offense that the victim was acquainted with appellant and had been in a vehicle with appellant and the victim's boyfriend at the time just prior to the offense. Appellant and the victim were left alone in the car when the boyfriend was dropped off at a local store. While appellant and the victim were to wait for the boyfriend, appellant instead went to an open field whereupon he proceeded to rape the victim.
[3] In this violation, it is claimed that appellant pushed a female correction officer against the wall and tried to kiss her.